## RUSSELL vs. CADY, SURVR.

Where there is a total want of evidence to sustain the verdict, this court will award a new trial: as where the jury render a verdict against the defendant, upon proof, that G., being in possession of a house, which defendant had conveyed by deed, not recorded, to G's wife, employed mechanics to repair it, saying, but without authority from defendant, or proof of agency, that defendant would pay for the repairs; if not, he (G.) would pay for them.

*Appeal from the Circuit Court of Pulaski County.*

Hon. WILLIAM H. FEILD, Circuit Judge.

TRAPNALL and PIKE & CUMMINS, for appellant.

FOWLER, contra.

Mr. Justice WALKER delivered the opinion of the Court.

Buchanan and Cady sued William Russell, in assumpsit, for work and labor as house-joiners, and for materials. The general issue, payment, and the statute of limitations, were pleaded; upon which issues were taken, and a trial had before a jury, who found a verdict for the plaintiffs for $305 10; upon which judgment was rendered. Russell moved for new trial, on the ground that the verdict was contrary to evidence; which was refused, and Russell appealed to this court.

The evidence given on the trial, is perserved in a bill of exceptoins, and is, beyond doubt, amply sufficient to sustain the verdict, if Russell can be held accountable for the work. It appears, from the evidence, that one Garritt employed the plaintiffs to work upon a house, which had been conveyed by Russell to the wife of Garritt, the deed not having been recorded; and, at the time Garritt employed the plaintiffs, he told them that Russell would pay for the work, and that, if he did not, he (Garritt) would. Garritt also testified that he had no authority from Russell to have the repairs made, charged for in the bill of particulars, but did not tell plaintiffs that he had no such authority; that some of the repairs were necessary, and some not; that Russell had authorized him to have a roof put on the house, which he did. This, however, was not a part of the work sued for. That the house was Russell's, but was intended for Garritt's wife, to whom he had made a deed for it, but that, at Russell's request, the deed was not recorded. That Garritt had been in possession

of the house ever since the repairs were made; that, at the time the contract was made, he had some means of his own, and credit.

This is, in substance, the evidence in regard to the contract, and the ownership of the property. There is no contest as to the performance ef the work, or its value; and the only question is, can the plaintiff hold Russell responsible for this work. We think not. Garritt is not shown to be Russell's general agent; nor to have had special authority to have the repairs made. Indeed, from the terms of the contract, the plaintiff must have known that Garritt had no such authority, or at least a doubtful authority, or why did Garritt agree to pay, in case Russell should refuse? This was not Russell's property; but the property of Garritt's wife. The fact, that the deed had not been recorded, could make no difference. Perhaps he thought so, when he said it was Russell's property. But this could not be the case when he had conveyed it by deed.

The plaintiffs, no doubt, performed the work, believing that Russell would pay, or, if he did not, that Garritt was bound for the work, and able to pay. It may be their misfortune that he is not; and, if there was any evidence whatever of Russell's assent to the work, or if he had done any act from which an agency might have been inferred, in view of the merits of the claim, we should not disturb the verdict. But we think that there is a total want of evidence to charge Russell for this work; and, for this reason, the court below should have granted a new trial.

Let the judgment be reversed, and the cause remanded, with instructions to grant the defendant a new trial, and for further proceedings to be then had.